UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT JAMES PARSONS, II,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM JOSEPH FISHER and JOHN TODD MEYERS,<br><br>Defendants. | No. 2:17-MC-0009-JTR<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY AND APPLICATION FOR CHARGING ORDER |

**BEFORE THE COURT** are Plaintiff's motions to compel discovery pursuant to Fed. R. Civ. P. 69(a)(2) and Wash. Rev. Code § 6.32.015, ECF No. 2 & 3, and an application for a charging order, ECF No. 4. Plaintiff is represented by Charles R. Steinberg.

The United States District Court for the Southern District of Florida entered default against Defendant on May 12, 2015, based on Defendants' failure to comply with Court orders. ECF No. 1. On October 5, 2015, the Southern District of Florida entered judgment against Defendants in the amount of $214,172.84, plus post-judgment interest. *Id*. That judgment purportedly remains unsatisfied. ECF No. 2-4. The Southern District of Florida judgment was registered in the United States District Court for the Eastern District of Washington on May 22, 2017. ECF

ORDER . . . - 1

No. 1. Plaintiff now seeks to compel discovery and requests the issuance of a charging order to determine whether Defendants have an interest in property within the Eastern District of Washington to apply toward the satisfaction of the Southern District of Florida judgment. ECF No. 2-4.

**A.    Motions to Compel**

On October 6, 2017, Plaintiff filed two motions to compel discovery to aid in the collection of the unsatisfied judgment. ECF No. 2-3.

The Court may require judgment debtors to answer written interrogatories propounded upon them under FED. R. CIV. P. 69. Wash. Rev. Code § 6.32.015. The Federal Rules of Civil Procedure provide that if a party fails to timely answer a submitted interrogatory, the party seeking discovery may move the Court for an order compelling an answer to the interrogatory request. FED. R. CIV. P. 37(a)(3). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1).

Plaintiff's motions to compel answers to "written interrogatories" fail to describe any attempts by Plaintiff to obtain answers to interrogatory requests from each named defendant prior to seeking the intervention of this Court. The motions also fail to identify any specific interrogatory question that a named defendant refused to answer and the defendant's specific response to the interrogatory question, if any. Without more information, the Court is not able to grant Plaintiff's motions to compel discovery.

**B.    Application for Charging Order**

Plaintiff requests the issuance of a charging order against the nonexempt interest of Defendant Fisher in House of WA Holdings, LLC. ECF No. 4.

The procedure for reaching a judgment debtor's interest in a partnership or limited liability company is a charging order. While it appears Plaintiff seeks to procure Defendant Fisher's interest in a limited liability company registered in

Wenatchee, Washington, Plaintiff does not state the authority for the issuance of a charging order in this case[1] or any facts supporting Plaintiff's belief that Defendant Fisher has an ownership interest in the cited limited liability company. To the extent Plaintiff seeks to compel the production of documents,[2] Plaintiff has again failed to specifically identify any prior attempts to obtain this discovery or Defendants' responses to any such discovery attempts. *See* FED. R. CIV. P. 37(a)(1), (a)(3)(iv).

Based on the foregoing, **IT IS HEREBY ORDERED:**

1. Plaintiff's motions to compel discovery, **ECF No. 2 & 3**, are **DENIED without prejudice.**

2. Plaintiff's Application for Charging Order, **ECF No. 4**, is **DENIED without prejudice.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to counsel.

DATED October 18, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

---

[1]The Washington State law governing a request for a charging order with respect to a limited liability company is Wash. Rev. Code § 25.15.256. The Court has the discretion to issue a charging order against the interest of a member of a limited liability company in order to satisfy a judgment. *See Ivy v. Brown,* 139 Wash. App. 1017 (2007) (unpublished).

[2]In Plaintiff's prayer for relief, Plaintiff requests that Defendant produce to Plaintiff copies of the partnership agreement or any other agreements or documents evidencing the interest of Defendant in House of WA Holdings, LLC. ECF No. 4 at 2.